**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herminio GARCIA–GARCIA, Defendant–Appellant.**

**No. 12–50352.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 9, 2013.

Daniel Earl Zipp, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mayra L. Garcia, Law Office of Mayra L. Garcia, San Diego, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Herminio Garcia–Garcia appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Garcia contends that the district court abused its discretion by relying on U.S.S.G. § 2L1.2(b) in imposing sentence. He argues that section 2L1.2(b) is not supported by empirical evidence, resulted in improper double counting of his prior conviction for possession of a controlled substance, arbitrarily increased his sentence based on unrelated prior conduct, and resulted in a disproportionately long sentence. These contentions lack merit. *See United States v. Salazar–Mojica,* 634 F.3d 1070, 1074 (9th Cir.2011) (rejecting "broad allegation that the Sentencing Commission lacked justification to authorize increases in offense levels" under section 2L1.2); *United States v. Garcia–Cardenas,* 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam) (finding no improper double counting in using a prior conviction for a sentencing enhancement and for calculating criminal history score). The court did not procedurally err in relying on section 2L1.2(b) or otherwise abuse its discretion in imposing Garcia–Garcia's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 55–56, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See id.* at 51, 128 S.Ct. 586.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.